JEWTET *et al. v.* McLELLAND.

Where the suit is founded on an instrument of writing, filed with the justice, and where the signature is not denied under oath, a non-suit should not be granted for non-appearance of the plaintiff.

APPEAL *from Polk District Court.*

*Opinion by* GREENE, J.   This suit was commenced before a justice of the peace, against the appellants, on a promissory note made by them to McClelland.   Judgment was rendered against them, and they took the case to the district court by writ of error, where the judgment of the justice was affirmed.   It appears by the returns of the

Jewett v. McLelland.

justice that the cause was set for trial December 26, 1851, at eight o'clock A. M.; that at half past eight, J. E. Jewett, one of the defendants, appeared, but as the plaintiff had not appeared, the justice told defendant that he would return to his office again at nine o'clock to try the cause; that he did return to his office at or before that hour, and Mr. Jewett was not there then; that ten or fifteen minutes after that, Mr. Jewett came to his office, and he then called the suit, and that Mr. Jewett then moved for a non-suit, on the ground that it was past nine o'clock. The motion was overruled. It is claimed that the district court erred in affirming this proceeding of the justice. The Code, § 2279, declares that " the parties in all cases are entitled to one hour in which to appear after the time fixed for appearance, and neither party is bound to wait longer for the other." It is also provided by the Code, § 2291 : " If the plaintiff fails to appear by himself, his agent or attorney, on the return day, or at any other time fixed for the trial, the justice shall render a judgment of non-suit against him with costs, except in the case provided in the next section." The next section which establishes an exception to the above practice applies to any suit founded upon an instrument of writing purporting to have been executed by the defendants, and when the signature is not denied under oath. Hence, the justice might proceed with the case, whether the plaintiff appeared or not, as provided in § 2292. It follows, then, that the plaintiff could not in a case like the present, be legally non-suited for non-appearance, nor were the defendants required to wait longer than that hour for trial. It would have been error in the justice to have refused them a trial at the end of that hour, and if they had been in attendance during the appointed time, and had afterwards withdrawn, the justice could not take up the case and render judgment against them by default. But neither of these facts exist in the present case. If the justice had lost jurisdiction over the

43

defendants, as is claimed, they restored it to him again by appearing, demanding a non-suit, and submitting to a trial. We therefore can see no error or injustice in the case.

Judgment affirmed.

*J. E. Jewett*, for appellants.

*B. Rice*, for appellee.